United States District Court
For the Northern District of California

1

2

3

4                                                    **E-FILED on ___8/8/07_____**

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12   JASON TOMLINSON,                       No. C-07-00990 RMW

13              Plaintiff,

14        v.                                ORDER GRANTING IN PART
                                            DEFENDANTS' MOTION TO DISMISS
15   COUNTY OF MONTEREY; MONTEREY           FIRST AMENDED COMPLAINT
     COUNTY BOARD OF SUPERVISORS;
16   MIKE KANALAKIS; MIKE RICHARDS and      **[Re Docket No. 32]**
     DOES 1-10,
17
              Defendants.
18

19

20        Defendants move to dismiss plaintiff's first amended complaint with prejudice.  The matter

21   was heard before this court on July 27, 2007.  Based upon the parties' papers and argument of

22   counsel and for the reasons set forth below, the court grants defendants' motion in part and dismisses

23   plaintiff's claims without prejudice.

                                 **I.  BACKGROUND**
24
          On November 21, 2006, plaintiff Jason Tomlinson was terminated from his employment as a
25
     Deputy Sheriff for the County of Monterey for misconduct.  Plaintiff contends that defendants relied
26
     on a provision of a Memorandum of Understanding ("MOU") between defendants and the
27
     petitioner's collective bargaining unit, the Deputy Sheriff's Association of Monterey County, to
28
     establish a procedure to effect and uphold the termination of his employment.  First Am. Compl.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT —No. C-07-00990 RMW
MAG

**United States District Court**
For the Northern District of California

("FAC") ¶ 5.  According to plaintiff, MOU section 12.13, subsections (E) through (I) establish an administrative appeal procedure from disciplinary actions.  Pursuant to section 12.13(J), the appeal is heard before a hearing officer, who is then is authorized to recommend findings, conclusions and a decision to the County's Board of Supervisors.  *Id.*  In plaintiff's case, the hearing officer recommended reinstatement of his employment with full back pay.  *Id.*  The Board of Supervisors, however, reversed the decision of the hearing officer without a further hearing or opportunity to present further evidence or argument.

Plaintiff asserts two claims before this court: (1) state law administrative mandamus, which is the procedural mechanism for securing reinstatement of his employment with an award of back pay and restoration of benefits; and (2) a civil rights claim for violation of due process against the County and individual defendants whereby plaintiff seeks compensatory and punitive damages.  Pursuant to his mandamus claim, plaintiff seeks review of the determination to terminate his employment.

As to his civil rights claim, plaintiff seeks to mount both a facial and as-applied challenge to section 12.13(J) of the MOU.  Plaintiff first contends that because the County's Board of Supervisors is a body of elected politicians who are not required to be present at the administrative appeal hearing, the provision is facially unconstitutional.  *Id.*  He asserts that "[t]he unconstitutionality of section 12.13(J) should be remedied by a grant of reinstatement with back pay, and by a permanent injunction enjoining the respondents from further implementing or enforcing section 12.13(J)."  He next contends that the section is unconstitutional as applied because the Board of Supervisors were not impartial, and that their bias prejudiced his case.  *Id.* ¶ 6.  Specifically he alleges that defendant Sheriff Kanalakis was unduly harsh in disciplining plaintiff because of campaign promises Kanalakis had made to restore public trust and confidence in the Sheriff's department.  *Id.*  Kanalakis allegedly made comments prior to the Board proceedings that he was disappointed that the district attorney had declined to criminally prosecute Tomlinson for the incidents upon which the misconduct charges were based, which plaintiff asserts contributed to the Board's alleged bias.  *Id.*

**United States District Court**
For the Northern District of California

## II. ANALYSIS

Plaintiff's complaint states two causes of action.  First, he seeks relief by way of administrative mandamus under California Government Code § 1094.5.  Second, he claims that his civil rights to due process were violated under 42 U.S.C. § 1983.  Defendants ask this court to dismiss both claims with prejudice.

### A.    Plaintiff's State Claim

#### 1.    Supplemental Jurisdiction

28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  The supplemental jurisdiction statute also provides that district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  *Id.* § 1367(c).  Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997).

Defendants start by arguing that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c).  The court has original jurisdiction over the plaintiff's 28 U.S.C. § 1983 claim, however the merits of that claim are bound up with the mandamus determination that plaintiff seeks.  The mandamus relief requested constitutes the core of this lawsuit.  Consequently, the state law claims predominate over the federal claims and the court may appropriately decline to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c)(2).  Further, grounds to decline jurisdiction over plaintiff's mandamus action exist under 28 U.S.C. § 1367(c)(1).  *See, e.g., Clemes v. Del Norte Unified School District*, 843 F. Supp. 583, 596 (N.D. Cal. 1994) (Patel, J.) ("Mandamus proceedings to compel a state administrative agency to act are actions that are uniquely in the interest and domain of state courts.  It would be entirely inappropriate for a

**United States District Court**
For the Northern District of California

1  federal court, through exercise of its supplemental jurisdiction, to impose itself upon such

2  proceedings. Considerations of federalism and comity, not generally present with typical

3  'pendent' state claims, loom large in the case of state mandamus proceedings.").

4        Plaintiff concedes that this court has only supplemental jurisdiction over his state law claims

5  under 28 U.S.C. § 1367, and acknowledges that an exercise of the court's discretion to decline to

6  hear the mandamus claim is appropriate.  Plaintiff nevertheless argues that the court should retain

7  the state law claims because there is some precedent for federal courts retaining claims for state

8  mandamus.  A district court may exercise its discretion to retain jurisdiction over state claims, but it

9  need not do so.  *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th

10  Cir. 2004) ("Like our sister circuits, we hold that the actual exercise of personal pendent jurisdiction

11  in a particular case is within the discretion of the district court.").  Simply because other courts have

12  elected to decide state mandamus claims, even assuming those courts determined that the mandamus

13  claim substantially predominated over any federal claim, does not persuade this court that it should

14  do the same.  Accordingly, this court will dismiss plaintiff's mandamus claim without prejudice so

15  that plaintiff may renew the claim in state court..  *See, e.g., United Mine Workers of Am. v. Gibbs*,

16  383 U.S. 715, 726-27 (1966) ("[If] it appears that the state issues substantially predominate, whether

17  in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy

18  sought, the state claims may be dismissed without prejudice and left for resolution to state

19  tribunals.").

20               **2.**      **Dismissal with Prejudice**

21        Defendants ask the court to dismiss plaintiff's mandamus claim with prejudice for two

22  reasons: (1) because this court lacks jurisdiction over the claim, initial jurisdiction having been

23  granted to the state superior court; and (2) because he has not complied with statutory claims filing

24  and presentation requirements of the California Tort Claims Act, Cal. Gov't Code § 900 *et seq*.

25        The case defendants rely on in support of its contention that this court lacks jurisdiction,

26  *Alameida v. State Personnel Board*, 120 Cal. App. 4th 46 (2004), does not stand for the proposition

27  that the state superior courts have exclusive initial jurisdiction under Cal. Gov't Code § 3309.5 over

28  administrative appeals of alleged violations of the Public Safety Officers Procedural Bill of Rights

**United States District Court**
For the Northern District of California

1   Act.  In fact, the court in *Alameida* concluded that "section 3309.5 does not make jurisdiction in the

2   trial court exclusive."  *Id.* at 60; *see also id.* at 56 ("[W]e reject CDC's attempt to create an

3   ambiguity in section 3309.5.  Nothing in the word 'initial' and nothing in the statute suggests

4   exclusivity.").  Defendants' argument based on *Alameida* that this court lacks jurisdiction over

5   plaintiff's mandamus claim is without merit.

6           Because this court has declined jurisdiction over plaintiff's mandamus claim, it does not

7   reach defendants' additional argument for dismissal of plaintiff's mandamus claim with prejudice.

8   That question is more appropriately resolved by the state court, should plaintiff present his claim to

9   the state court for redress.

10          **B.       Plaintiff's Federal Claim**

11          Defendants move to dismiss plaintiff's federal claims with prejudice, advancing three

12  arguments:  (1) that plaintiff is estopped from challenging the MOU on constitutional grounds

13  because the MOU terms were not challenged as being unconstitutional prior to it being signed; (2)

14  that defendants are protected from suit by sovereign immunity; and (3) that the individual plaintiffs

15  are entitled to sovereign immunity.  The court need not reach these challenges to plaintiff's federal

16  claim.

17          Plaintiff acknowledges that a decision by this court to decline to exercise supplemental

18  jurisdiction over his state claims "would render [plaintiff's] federal civil rights claim largely

19  premature."  Opp'n at 2.  He acknowledges that "[a]ssuming the Court will decline this exercise of

20  supplemental jurisdiction, it can either stay the federal claims, or dismiss them without prejudice."

21  Accordingly, because the court has determined as set forth above that it will not exercise

22  supplemental jurisdiction over the mandamus claim and will not dismiss that claim with prejudice,

23  the court need not reach the merits of defendants' motion to dismiss plaintiff's federal claim.  As

24  plaintiff suggests, the court will dismiss plaintiff's federal claim without prejudice.

25

26

27

28

1

## III. ORDER

2      For the foregoing reasons, the court grants defendants' motion to the extent that they request

3 that this court decline to assert supplemental jurisdiction over plaintiff's state mandamus claim and

4 dismisses both of plaintiff's claims without prejudice.

5

6

7 DATED:      8/7/07                          _Ronald M Whyte_____

8                                          RONALD M. WHYTE
                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Michael Peter Stone          M.Stone@police-defense.com

4  **Counsel for Defendants:**

5  Traci A. Kirkbride          kirkbrideta@co.monterey.ca.us

6
7  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

8

9

10  **Dated:**        8/8/07                          /s/ MAG
11                                       **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT —No. C-07-00990 RMW MAG
7